Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 134 | **DATE** | 3/7/2000 |
| **CASE TITLE** | INMAN vs. DAIMLER-CHRYSLER CORP. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiffs' motion to remand is denied. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 09 200 | |
| | Notified counsel by telephone. | | date docketed | 11 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 2/24/2000 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MKS | courtroom deputy's initials | 00 MAR -7 PM 3:19 Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEFFRY INMAN and DEBBIE INMAN, )
)
                       Plaintiffs, )   No. 00 C 0134
)
    v. )   Suzanne B. Conlon, Judge
)
DAIMLER-CHRYSLER CORPORATION, )
f/k/a CHRYSLER CORPORATION, a )
foreign corporation; )
ALLIEDSIGNAL, INC., a foreign )
corporation, and )
JOHN DOE CORPORATION, )
)
                       Defendants. )

## MEMORANDUM OPINION AND ORDER

Jeffrey Inman and Debbie Inman ("the Inmans") sue Daimler-Chrysler Corporation f/k/a Chrysler Corporation, AlliedSignal Corporation (collectively "defendants") and John Doe Corporation for strict product liability, negligence, and loss of consortium under Illinois law. The Inmans originally filed this action in the Circuit Court of Lake County, Illinois on January 11, 1999. On January 7, 2000, defendants removed the case to this court based on diversity jurisdiction pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1446(b). The Inmans now move to remand the case to the Circuit Court of Lake County, Illinois.

### BACKGROUND

The Inmans filed their lawsuit seeking damages for personal injuries sustained as a result of an automobile accident that took place on January 12, 1997. On that day, Jeffrey Inman

DOCKETED MAR 09 2000

suffered serious injuries when his Chrysler minivan was hit by a car driven by David Donahue. The Inmans filed two lawsuits in the Circuit Court of Lake County, Illinois as a result of the accident. The first, filed January 9, 1998, is against Donahue and various businesses who allegedly served Donahue alcohol on the day of the accident, and the second, filed January 11, 1999, is the present action. The state court consolidated the two cases August 18, 1999, and then severed them for trial August 31, 1999.

In the present case, the Inmans sue AlliedSignal, a Delaware corporation based in New Jersey, alleging that a seatbelt AlliedSignal manufactured and installed in their minivan was defective because the seatbelt webbing separated at impact. The Inmans sue Daimler-Chrysler, f/k/a Chrysler, a Delaware corporation based in Michigan, alleging the minivan designed and manufactured by Daimler-Chrysler was unreasonably dangerous, defective and unsafe, and that Daimler-Chrysler was otherwise negligent. The Inmans sue both defendants for loss of consortium. AlliedSignal filed counterclaims against Donahue. Daimler-Chrysler has requested leave to do the same.

The Inmans also sue Raymond Chevrolet & Oldsmobile ("Raymond Chevrolet"), an Illinois corporation, for strict product liability and loss of consortium. Raymond Chevrolet sold the Inmans the used minivan Jeffrey Inman drove in the accident. On March 11, 1999, Raymond Chevrolet filed a motion to dismiss

pursuant to the "product liability distributor's statute," 735 ILCS 5/2-619 and 5/2-621. Raymond Chevrolet argued that the Inmans had no claim because the complaint failed to allege Raymond Chevrolet created or contributed to any defect as required for distributor liability under Illinois law. The Inmans' counsel, William Suhadolnik, agreed with Raymond Chevrolet's position and presented to the court a draft order granting Raymond Chevrolet's motion to dismiss. The Circuit Court of Lake County entered the order on December 14, 1999. No briefing took place on the motion to dismiss and there was no argument made prior to entry of the December 14, 1999 order.

As a result of the dismissal of Raymond Chevrolet, the only Illinois defendant, defendants filed their notice of removal based on diversity jurisdiction January 7, 2000. The Inmans filed their motion to remand on February 3, 2000. The Inmans claim this matter should be remanded because removal was improper. They contend defendants' filing of counterclaims against Donahue waived defendants' right of removal and diversity was not created by a voluntary act of the Inmans. The Inmans also argue that remand is appropriate considering the extent this case has already proceeded in state court and due to the existence of their other case against Donahue that was consolidated with the present action in state court.

## DISCUSSION

I   Removal

The Inmans claim this suit was improperly removed to federal court and should be remanded to the Circuit Court of Lake County. When the court's exercise of jurisdiction is challenged, the burden of establishing federal jurisdiction rests on the party seeking to preserve removal. Shaw v. Dow Brands, Inc., 994 F.2d 364, 366-67 (7th Cir. 1993). Courts interpret the removal statute narrowly and presume that the plaintiff may choose his forum. Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993). Any doubts regarding jurisdiction should be resolved in favor of remanding the action to state court. Ibrahim v. Old Kent Bank, 1999 WL 259944 *2 (N. D. Ill April 8, 1999) (citing Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir. 1976). Thus, to preserve removal, the defendants must show a reasonable probability that jurisdiction exists. Shaw, 994 F.2d at 366-67.

Defendants filed their notice of removal pursuant to 28 U.S.C. §1446(b). According to 28 U.S.C. §1446(b), "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" as long as it has not been more than one year since the lawsuit originally was

filed. Defendants filed their notice of removal based on diversity jurisdiction within 30 days of the state court order dismissing Raymond Chevrolet from the case, an order from which they ascertained the case was removable. They assert diversity jurisdiction exists because, without Raymond Chevrolet, the parties are completely diverse and the amount in controversy exceeds $75,000.

The Inmans present two arguments challenging removal. First, they claim defendants waived their right to removal by filing counterclaims in state court well before they filed their removal notice. The Inmans argue removal is inappropriate because the dismissal of Raymond Chevrolet, the event that created diversity, was not voluntary. Defendants contend they did not waive their right to removal, the dismissal of Raymond Chevrolet was a voluntary dismissal, and that removal is appropriate even if the dismissal was not voluntary under the theory of fraudulent joinder.

II  Waiver

The Inmans argue defendants waived their right to removal. They assert defendants voluntarily submitted to the state court's jurisdiction when AlliedSignal filed a counterclaim and Daimler-Chrysler sought leave to file a counterclaim against Donahue prior to filing their notice of removal. In support of their waiver argument, they rely on two district court cases from other

5

circuits. See Isaacs v. Group Health, Inc., 668 F.Supp. 306 (S.D.N.Y. 1987) (permissive counterclaims filed by defendants constituted their voluntary submission to state court jurisdiction precluding removal); Knudson v. Samuels, 715 F.Supp. 1505 (D.Kan. 1989) (filing of third-party complaint by defendant prior to removal waives right to removal). The Inmans conclude defendants' counterclaims constitute a waiver because the pleadings were filed well prior to the notice of removal.

The Inmans' argument is unpersuasive. In Rothner v. City of Chicago, 879 F.2d 1402, 1416 (7th Cir. 1989), the Seventh Circuit concluded that the right of removal generally cannot be waived. As this court commented in Moran v. Rush Prudential HMO, Inc., 1999 WL 181990 *2 (N.D. Ill. March 24, 1999), "[plaintiff] would be advised to pay close attention to the controlling law of this circuit, which holds that the waiver doctrine arose in response to unclear timing requirements in the removal area and has no place in removal law after the 1948-49 revisions to §1446(b)." In Rothner, the court noted that waiver may apply in extreme situations, for example when the suit is fully tried in state court and the defendant then files a petition for removal. Id. at 1416. However, this is not one of the extreme cases envisioned in Rothner. The case had not yet gone to trial and defendants filed their notice of removal immediately after becoming aware the impediment to diversity was removed. In short, the fact that defendants filed a counterclaim against

6

Donahue in state court before filing their notice of removal does not constitute a waiver of the right.

III **Voluntary or involuntary dismissal**

The Inmans argue removal was improper because the state court's dismissal of Raymond Chevrolet was involuntary. Only voluntary actions of the plaintiff can bring about a change that renders an otherwise non-removable case removable. Poulos v. NAAS Foods , Inc., 959 F.2d 69, 71-72 (7th Cir. 1992). Defendants claim the dismissal of Raymond Chevrolet from the state court case was voluntary because the Inmans failed to object to the motion, did not file an opposing brief and their counsel actually drafted and submitted the dismissal order to the court. The Inmans claim these facts are irrelevant to whether the dismissal was voluntary. They contend the dismissal was involuntary because they did not take any affirmative steps to cause Raymond's motion to come about. However, it is unnecessary to settle this dispute because the court finds defendants' fraudulent joinder argument dispositive. Poulos, 959 F.2d at 72-73 (allowing removal under §1446(b) despite involuntarily dismissal of non-diverse defendant because defendant was fraudulently joined).

IV **Fraudulent joinder**

Defendants argue removal is proper because Raymond Chevrolet was fraudulently joined initially. Diversity jurisdiction

cannot be destroyed by joinder of nondiverse parties if joinder is fraudulent. <u>Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp.</u>, 34 F.3d 1310, 1315 (7th Cir. 1994). When speaking of jurisdiction, "fraudulent" is a term of art. <u>Poulos</u>, 959 F.2d at 73. Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against non-diverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts. <u>Hoosier</u>, 34 F.3d at 1315. In most cases, fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives are. <u>Poulos</u>, 959 F.2d at 73. In essence, defendants claim that because Raymond Chevrolet should not have been named in this suit in the first place, its residency should not be considered in determining whether diversity jurisdiction exists.

A defendant who wants to remove a case to federal court bears a heavy burden to establish fraudulent joinder. <u>Id.</u> A defendant must show that after resolving all issues of fact and law in plaintiff's favor, plaintiff would be unable to establish a cause of action against the in-state defendant. <u>Id.</u> The Seventh Circuit described the court's task in <u>Poulos</u>:

> At the point of decision, the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant? if a state court has come to judgment, is there any reasonable possibility that the judgement will be reversed on appeal?

8

959 F.2d at 73. In this case, defendants must show there is no possibility the Inmans could recover against Raymond Chevrolet for a product liability claim under Illinois law.

Defendants have carried their burden and established Raymond Chevrolet was fraudulently joined. Under Illinois law, a non-manufacturing defendant who has not been shown to have created or contributed to the alleged defect cannot be a party to a product liability lawsuit. 735 ILCS 5/2-621. Section 5/2621 provides that in a product liability action against a non-manufacturer, the defendant should, upon answering or otherwise pleading, file an affidavit certifying the correct identity of the manufacturer of the product allegedly causing injury. 735 ILCS 5/2-621(b). Once the plaintiff has filed a complaint against the manufacturer and the manufacturer has answered or otherwise plead, the defendant who attested that it is not a manufacturer is to be dismissed. Id. The non-manufacturing defendant is to be dismissed unless there are allegations that the defendant exercised significant control over the design or manufacturer of the product, or has provided instructions or warning to the manufacturer relative to the defect, or that the defendant has actual knowledge of the defect, or that defendant created the defect. 735 ILCS 5/2-621(c). Thus, to survive a motion to dismiss under 735 ILCS 5/2-621, plaintiff must show defendant exercised some significant control over the design or manufacture of the product or had actual knowledge of, or created, the

defect. <u>Logan v. West Coast Cycle Supply Co.</u>, 553 N.E.2d 1139, 1143 (Ill. App. 1990); <u>Veugeler v. General Motors Corp.</u>, 1997 WL 160749 * 3 (N.D. Ill 1997).

The Inmans did not have a viable product liability cause of action. There was no basis to support liability against Raymond Chevrolet under § 5/2-621. After it was served with the Inmans' complaint, Raymond Chevrolet filed its motion to dismiss and attached an affidavit that stated it was not the manufacturer and identified Daimler-Chrysler as the manufacturer. The Inmans' complaint only alleges that the minivan came into the possession, control and use of Raymond Chevrolet and that as a part of its normal course of business, Raymond Chevrolet acquired, inspected and offered the minivan for sale to the public. The Inmans' complaint fails to allege that Raymond Chevrolet manufactured the minivan, exercised any significant control over the design or manufacture of the minivan, provided instructions or warnings to the manufacturer relative to the alleged defect in the minivan, had actual knowledge of any defect in the minivan, or created the alleged defect in the minivan. The Inmans failed to allege facts necessary to avoid dismissal under §5/2-621. Thus, the complaint fails to state a claim against Raymond Chevrolet and the state court had no choice but to grant the motion to dismiss under §5/2-621.

The Inmans claim defendants' reliance on §5/2-621 only applies to the strict liability claim against Raymond Chevrolet

and not to the allegations of common law negligence. They conclude the complaint could state a claim for negligence and, therefore, the inclusion of Raymond Chevrolet in the complaint was not fraudulent. This argument is without merit. In 1995, §5/2-621 was amended so that it applies to "any product liability action based on any theory or doctrine." 735 ILCS §5/2-621. This broad-application replaced the old language that applied the statute only to "any product liability action based in whole or in part on the doctrine of strict liability in tort." See Historical and Statutory Notes to 735 ILCS §5/2-621. "This amendment clearly indicates the intent of the legislature to extend the coverge of the statute beyond strict liability actions." Ungaro v. Rosalco, Inc., 948 F.Supp. 783, 786 (N.D. Ill. 1996). Thus, it is clear that §5/2-621 applies to product liability claims based in negligence as well as strict liability. Ungaro, 948 F.Supp. at 786; see also International Bhd. of Teamsters Local 734 Health and Welfare Trust Fund v. Philip Morris, Inc., 1998 WL 242130 *3-4 (N.D. Ill. 1998); Link v. Venture Stores, Inc., 677 N.E.2d 486, 488 (Ill. App. 1997). Accordingly, the Inmans did not have a claim against Raymond Chevrolet for strict liability or negligence.

Similarly, there is little chance the December 14, 1999 dismissal order will be overturned on appeal. The Inmans have not filed a notice of appeal. Under Illinois law, a notice of appeal must be filed within thirty days after entry of final

judgment. IL ST S. Ct. Rule 303. Furthermore, the Inmans did not object to the motion and did not file an opposing brief. Their counsel actually drafted the dismissal order and submitted the proposed order to the court. In essence, the Inmans agreed to the order. Berymon v. Henderson, 482 N.E.2d 391, 395-96 (Ill. App. 1985) (court orders were agreed orders where plaintiff filed no written or oral objections and plaintiff's attorney prepared two of the orders). The Inmans' agreement to the entry of the order dismissing Raymond Chevrolet precludes an appeal. People v. Murphy, 693 N.E.2d 349, 357 (Ill. 1998); Berymon, 482 N.E.2d at 395-96. Moreover, in his deposition, Jeffrey Inman acknowledged that Raymond Chevrolet had no control over the design or manufacture of the seatbelt, that Raymond Chevrolet did not provide instructions or warnings to the manufacturer relative to any defect and that Raymond Chevrolet did not create any alleged defect. Inman Dep. 209-210, def. resp. ex. E. In short, it is beyond doubt the Inmans did not have a viable claim against Raymond Chevrolet.

Based on the allegations in the complaint and events surrounding the state court's dismissal of Raymond Chevrolet, it is clear the Inmans had no chance of recovering from Raymond Chevrolet under Illinois law due to §5/2-621. Defendants have carried their burden and have shown that the joinder of Raymond Chevrolet was fraudulent. Thus, removal to federal court is proper. See International Bhd. of Teamsters Local 734 Health and

Welfare Trust Fund v. Philip Morris, Inc., 1998 WL 242130 (N.D. Ill. 1998) (removal proper were §5/2-621 barred recovery against non-diverse distributor defendants and thus distributor defendants were fraudulently joined); Veugeler, 1997 160749 (finding fraudulent joinder of defendant in product liability case where defendant submitted affidavit that it did not contribute to any defect).

Finally, the Inmans argue fraudulent joinder does not apply because Illinois law allows pleadings to be amended at any time before judgment. While this may be a correct statement of the law, it is irrelevent here. Based on the allegations in their complaint, the Inmans had no chance of recovering from Raymond Chevrolet. At no point in the proceedings did the Inmans attempt to amend their complaint against Raymond Chevrolet to correct its insufficiencies. Nor have they given any indication how the deficiencies could be cured. Thus, the court may conclude the joinder of Raymond Chevrolet was fraudulent without deciding whether or not the Inmans could have cured the problem by amending the complaint. Poulos, 959 F.2d at 74.

## CONCLUSION

The motion to remand is denied.

ENTER:

Suzanne B. Conlon
United States District Judge

March 7, 2000